14-3876
*Williams v. New York City Transit Authority, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand fifteen.

PRESENT:  CHESTER J. STRAUB,
          RICHARD C. WESLEY,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

_____

IRA C. WILLIAMS, JR.

                         *Plaintiff-Appellant,*

        -v.-                                    No. 14-3876

NEW YORK CITY TRANSIT
AUTHORITY AND SALLY LIBRERA,

                         *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT: IRENE DONNA THOMAS, Thomas & Associates, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES: ROBERT K. DRINAN, Assistant General Counsel, *for* Lewis S. Finkelman, General Counsel, New York City Transit Authority, New York, NY.

Appeal from the United States District Court for Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the District Court is

AFFIRMED.

Plaintiff-Appellant Ira C. Williams, Jr. ("Williams") appeals a grant of

summary judgment in favor of his employer, Defendant-Appellee New York

City Transit Authority ("NYCTA"), and Defendant-Appellee Sally Librera

("Librera"), an Acting Assistant Vice President of Operations Training within the

NYCTA. Williams's action against the NYCTA and Librera (collectively, the

"Defendants") comprised a variety of race and age discrimination claims,

including a retaliation claim, brought under Title VII of the Civil Rights Act, the

Age Discrimination in Employment Act, 42 U.S.C. §§ 1981 and 1983, and New

York state law. Williams's grievances were based on Librera's recommendation

of a white man eleven years younger than Williams for promotion to a certain director position within the NYCTA.

For substantially the reasons stated by the court below, we find no error in the granting of Defendants' motion and dismissal of Williams's complaint. We therefore AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk